a verdict. The action was to recover for malicious injury to personal property. After rendition of the verdict plaintiff moved under section 1433 of the Penal Law and section 435 of the Civil Practice Act for a direction that judgment be entered for three times the amount of the verdict, which motion was denied. The Appellate Division modified the judgment so as to award treble damages.

*J. F. Halstead, C. P. Franchot, Philip A. Rorty* and *Charles C. Coleman* for appellants.

*Elbert N. Oakes* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: LEHMAN, J. Not voting: POUND, J.

---

ISAIOU TRADING CORPORATION, Respondent, *v.* GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Appellant.

*Insurance (marine) — contract — limitation of actions — action to recover on policy of marine insurance for damage to merchandise — defenses that action was not brought within time limited by policy and that losses did not occur while goods were in transit.*

*Isaiou Trading Corp.* v. *Great Am. Ins. Co.*, 216 App. Div. 792, affirmed.

(Argued October 4, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 10, 1926, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon certificates of insurance issued under an open policy of marine insurance covering merchandise shipped by plaintiff from New York to Constantinople. The shipment left New York January 24, 1920, and was discharged at Constantinople March 14, 1920, but, owing to congestion at the custom house, remained on the dock until the end of November, 1920. When located the merchandise was found to be in bad condition. Plaintiff

thereupon demanded of defendant's agent a survey which took place December 11, 1920, and January 26, 1921, the reports thereon being received by plaintiff in June, 1921, whereupon the claim in suit was made. The defenses were: (1) That the action was not commenced within one year from the date of the happening of the loss out of which plaintiff's claim arose as required by plaintiff's policy of insurance and that plaintiff's claim was, therefore, barred. (2) That the plaintiff's loss did not occur while the goods insured were in due course of transit and that plaintiff's loss was, therefore, beyond the scope of the policy and by a peril not insured against.

*Arthur W. Clement, D. Roger Englar* and *Oscar R. Houston* for appellant.

*S. Lawrence Miller* and *Watson B. Robinson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO and McLAUGHLIN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MURRIE SIEGEL, Appellant.

*Appeal — death of defendant in criminal case — motion to dismiss appeal granted.*

People v. *Siegel*, 213 App. Div. 827, appeal dismissed.

(Submitted October 11, 1926; decided October 19, 1926.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1925, which affirmed a judgment of the Nassau County Court convicting the defendant of the crime of burglary in the second degree.

The motion was made upon the ground that the defendant is now deceased.

*Elvin N. Edwards, District Attorney (Charles I. Wood* of counsel), for motion.

No one opposed.

Motion granted and appeal dismissed.